IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-cv-02142-LTB
Criminal Case No.  03-CR-00313-LTB

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

AUGUSTIN SARMIENTO-MALDONADO,

        Defendant/Movant.
_____

ORDER
_____

This matter is before me on a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed on October 15, 2004, by Defendant-Movant, Augustin Sarmiento-Maldonado, a federal prisoner appearing *pro se*.  After consideration of the motion, the answer filed on November 19, 2004, and the motion to supplement, filed on October 4, 2005, by the Plaintiff-Respondent, the United States of America, I DENY the motion for the reasons set forth below.

Pursuant to a plea agreement, Movant pleaded guilty to one count of illegal reentry after deportation subsequent to a conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2).  Movant's base offence level for sentencing was enhanced because he had been previously deported after a conviction for a drug trafficking offence for which the sentence exceeded thirteen months, and then reduced for acceptance of responsibility.  Movant's criminal history category was IV, resulting in a sentencing guideline range of 46-57 months.  Movant was

sentenced to 46 months. Judgment entered on the docket on December 9, 2003, and Movant did not appeal the judgment. As a result, his conviction became final on December 23, 2003, pursuant to Fed. R. App. P. 4(b)(1)(A)(I). *See also United States v. Burch,* 202 F.3d 1274, 1278-1279 (10th Cir. 2000).

On October 15, 2004, Movant filed the 28 U.S.C. §2255 motion at issue here seeking collateral review of his criminal conviction in which he challenges his sentence and claims that the maximum sentence that could have been imposed without a sentencing jury was 24 months. Movant relies, without specific discussion, on the rulings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See also United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005)(the ruling in *Blakely v. Washington*, *supra*, applies to the sentencing guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the Defendant or proved to a jury beyond a reasonable doubt").

I note that it is unclear if Movant is challenging his sentence on the basis that it was enhanced for a prior conviction. Nonetheless, the one-year limitation in 28 U.S.C. § 2255 is not applicable if the right the Movant is asserting "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Tenth Circuit has ruled that *Blakely* does not apply retroactively on collateral review to convictions that were already final at the time the case was decided by the Supreme Court on June 24, 2004. *United States v. Bellamy*, 2005 WL 1406176 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). The ruling in *Booker* likewise applies only on direct appeal and should not be applied retroactively to cases on collateral appeal. *United States v. Booker,* 125 S.Ct. at 756; *Bey v. United States*, 399

F.3d 1266, 1269 (10th Cir. 2005).   As a result, because Movant's December 2002 conviction was already final when *Blakely* was decided, neither the rulings in *Blakely* nor *Booker* are applicable to Movant's collateral attack of his conviction.

Accordingly, IT IS ORDERED that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By A Person in Federal Custody [#33] is DENIED and the United States' Motion to Supplement Response to Defendant's §2255 Motion [#38] is GRANTED.

Dated: October   18th  , 2005 in Denver, Colorado.

          BY THE COURT:

            s/Lewis T. Babcock
          LEWIS T.  BABCOCK, CHIEF JUDGE